IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRAVIS BURROUGHS,

   Plaintiff,

v.

LT. JOSEPH REED,

   Defendant.

Civil Action No.: RDB-20-2316

## MEMORANDUM OPINION

Travis Burroughs, a self-represented Maryland prisoner confined at North Branch Correctional Institution ("NBCI"), filed this civil rights action, under 42 U.S.C. § 1983 against Defendant Lieutenant Joseph Reed. (ECF No. 1). Pending is Reed's unopposed Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. (ECF No. 13). On March 8, 2020, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Clerk mailed Burroughs a letter informing him that: Reed had filed a dispositive motion; he had twenty-eight days in which to file a written opposition to the Motion; and that if he failed to respond, the Court may dismiss this case. (ECF No. 14). After receiving the Motion on May 13, 2021, Burroughs was granted an extension to respond to Reed's Motion until June 10, 2021. To date, the Court has no record that Burroughs filed any opposition. Accordingly, the Court considers Reed's Motion unopposed. No hearing is necessary to determine the matters pending before the court. *See* Local Rule 105.6 (D. Md. 2021). For the reasons discussed below, Reed's Motion shall be GRANTED.

## BACKGROUND

Burroughs was at all times relevant to the Complaint committed to the custody of the Maryland Division of Corrections and confined at Maryland Reception, Diagnostic and Classification Center ("MRDCC"). Burroughs alleges that on July 23, 2018, he refused Lt. Reed's

order to take off his clothing for a strip search. (ECF No. 1 at 4). In response, Burroughs contends that Lt. Reed sprayed him with mace and repeatedly hit him in the face with the mace cannister. (*Id.*).

In response to Burroughs' claim, Lt. Reed, through counsel, provides the Declaration of Lieutenant Carolyn Murray (ECF No. 13-5), as well as pertinent administrative records (ECF Nos. 13-2, 13-3, 13-4). Lt. Murray states that on July 23, 2018, she and Lt. Reed responded to the MRDCC intake area due to a "noncompliant inmate." (ECF No. 13-5 at ¶ 2). She explains that Burroughs refused multiple orders to remove his clothes so that they could be searched. (*Id.* at ¶¶ 3-4). After Burroughs refused to comply, "Lt. Reed disbursed his pepper spray on Mr. Burroughs, which brought him into compliance with the orders." (*Id.* at ¶ 5). Lt. Murray attests that Lt. Reed did not strike Burroughs during the incident. (*Id.* at ¶ 6). Burroughs took a decontamination shower and was escorted to medical for an evaluation following the use of pepper spray. (*Id.* at ¶ 7; *see* ECF Nos. 13-4 at 2; 13-2 at 7). Burroughs was released by the medical team after evaluation "in stable condition." (ECF No. 13-4 at 2). Lt. Reed's Use of Force Report and Notice of Inmate Rule Violation give the same account of the incident. (*See* ECF No. 13-2 at 7, 10). Lt. Reed asserts that Burroughs did not file a grievance about the incident. (ECF No. 13-1 at 3).

## STANDARD OF REVIEW

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court, however, need not accept unsupported legal

2

allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256.

## ANALYSIS

**A. Exhaustion**

Lt. Reed raises the affirmative defense that Burroughs failed to exhaust his administrative remedies. If Burroughs' claim has not been properly presented through the administrative remedy procedure it must be dismissed pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e. The PLRA provides in pertinent part that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Notably, administrative exhaustion under § 1997e(a) is not a jurisdictional requirement and does not impose a heightened pleading requirement on the prisoner. Rather, the failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by defendants. *See Jones v. Bock*, 549 U.S. 199, 215-216 (2007); *Custis v. Davis*, 851 F.3d 358, 361 (4th Cir. 2017). Nevertheless, a claim that has not been exhausted may not be considered by this court. *See Bock*, 549 U.S. at 220. In other words, exhaustion is mandatory. *Ross v. Blake*, __ U.S. __, 136 S.Ct. 1850, 1857 (2016). Therefore, a court ordinarily may not excuse a failure to exhaust. *Ross*, 136 S.Ct. at 1856 (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Here, in support of his defense, Lt. Reed submits the MRDCC Administrative Remedy Index for July and August 2018, as well as Burroughs' Individual ARP Index Report for September 20, 2019 through February 2, 2021. (ECF No. 13-2 at 26-29). None of these documents indicate that Burroughs filed a grievance regarding his complaint against Lt. Reed during the stated time periods. However, Lt. Reed fails to provide evidence or explanation as to whether Burroughs filed

any grievances between August 6, 2018 and September 20, 2019, supporting Reed's contention that Burroughs never filed a grievance about the incident. As such, the Court cannot find that Lt. Reed met his burden to demonstrate Burroughs failed to exhaust administrative remedies. Regardless, Lt. Reed is entitled to judgment in his favor.

### B. Excessive Force

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This prohibition "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). The Eighth Amendment is violated when an inmate is subjected to "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). To establish an Eighth Amendment violation, an inmate must establish both that the prison official subjectively "acted with a sufficiently culpable state of mind" and that the injury or deprivation inflicted was objectively serious enough to constitute a violation. *Williams*, 77 F.3d at 761. On the subjective element, an inmate must show that the guards used force "maliciously and sadistically for the very purpose of causing harm" rather than "in a good faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)). In assessing this element, a court should consider "(1) 'the need for the application of force;' (2) 'the relationship between the need and the amount of force that was used'; (3) the extent of any reasonably perceived threat . . . ;" and "(4) 'any efforts made to temper the severity of a forceful response.'" *Iko v. Shreve*, 535 F.3d 225, 239 (4th Cir. 2008) (quoting *Whitley*, 475 U.S. at 321).

As for the objective level of harm, a party asserting an Eighth Amendment excessive force claim must demonstrate that the officer used a "nontrivial" amount of force. *Wilkins v. Gaddy*,

5

559 U.S. 34, 39 (2010).  "[N]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action.'"  *Id*. at 37 (quoting *Hudson*, 503 U.S. at 9).  Although inmates must show the application of nontrivial force, an Eighth Amendment violation can occur even if that force did not cause serious injury.  *Id*. at 38 ("[A]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.").  "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson*, 503 U.S. at 9.  The extent to which injuries are modest is accounted for in the award of damages.  *See Wilkins*, 559 U.S. at 40.  With respect to the use of pepper spray, this court has observed as follows:

> In the context of the use of pepper spray by prison staff, "[i]t is generally recognized that it is a violation of the Eighth Amendment for prison officials to use mace, tear gas or other chemical agents in quantities greater than necessary or for the sole purpose of infliction of pain." *Iko v. Shreve*, 535 F.3d 225, 240 (4th Cir. 2008) (quoting *Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996) (emphasis omitted).  The use of pepper spray is not "per se a cruel and unusual punishment." *McCargo v. Mister*, 462 F. Supp. 813, 818 (D. Md. 1978).  It may be used in order to control recalcitrant inmates.  *Williams*, 77 F.3d at 763.  Analysis regarding the amount of chemical agent used focuses, as with all other excessive force claims, on whether the Defendant acted with a sufficiently culpable state of mind.  *Iko*, 535 F.3d at 238 (4th Cir. 2008) (citations omitted) (holding correctional officer not entitled to qualified immunity where additional chemical agent was deployed into inmate's cell after inmate attempted to comply with officer's order, did not react violently, and officer failed to remove inmate's clothes or secure medical care for inmate after chemical agent exposure).
>
> Eighth Amendment violations have been found where an officer used more than a reasonable amount of a chemical agent.  *See, e.g*., *Furnace v. Sullivan*, 705 F.3d 1021, 1025 (9th Cir. 2013) (finding Eighth Amendment violation where officer discharged can of pepper spray until empty, and other officer also joined in); *Lawrence v. Bowersox*, 297 F.3d 727, 732 (8th Cir. 2002) (same, where prisoner's entire cell was doused in pepper spray using fire-extinguisher-like device); *DeSpain v. Uphoff*, 264 F.3d 965, 978 (10th Cir. 2001) (same, where officer indiscriminately sprayed entire prison tier).  However, where an inmate repeatedly ignores official commands, multiple applications of pepper spray have been found reasonable.  *See Williams*, 77 F.3d at 763 (finding no Eighth Amendment violation where officer administered pepper spray after prisoner asked "Why?" in response to command); *Jackson v. Morgan*, 19 Fed. App'x 97,

6

> 102 (4th Cir. 2001) (upholding use of pepper spray twelve times when inmate refused to comply with commands to move from his cell); *Norris v. Detrick*, 918 F. Supp. 977, 984 (N.D. W.Va. 1996) (upholding use of two blasts of pepper spray when inmate refused to return to his cell during lockdown). Use of chemical agents is reasonable when an officer is attempting to maintain order and discipline in the institution. *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010) (determining that Eighth Amendment was not violated where pepper spray was used to break up inmate fight); *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002) (holding use of pepper spray during prison riot appropriate).

*Kitchen v. Ickes*, 116 F. Supp. 3d 613, 626–27 (D. Md. 2015), *aff'd*, 644 Fed. App'x 243 (4th Cir. 2016).

The Court views the facts in the light most favorable to Burroughs. Here, Burroughs acknowledges in his Complaint that he refused Lt. Reed's order to comply with the strip search protocols. (ECF No. 1 at 4). Lt. Reed repeated the order twice more prior to disbursing pepper spray to Burroughs' face. (ECF Nos. 13-2 at 7; 13-5 at ¶¶ 4-5). There is no evidence in the record supporting that Lt. Reed subjected Burroughs to an unreasonable amount of pepper spray, that Lt. Reed assaulted Burroughs with the cannister, nor that Burroughs sustained any significant injuries. Moreover, Lt. Reed's use of pepper spray served to bring Burroughs into compliance with prison policy rather than for any malicious purpose. When viewed in the light most favorably to Burroughs, the Court cannot find that Lt. Reed subjected Burroughs to unnecessary and wanton pain. *See Estelle*, 429 U.S. at 103. Therefore, Lt. Reed is entitled to summary judgment.[1]

## Conclusion

Defendant's Motion (ECF No. 13), construed as one for summary judgment, will be granted. A separate order follows.

8/3/2021 /s/
Date RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[1] In light of this ruling, the Court need not address Reed's other arguments.